# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN CALDWELL, | ) | CASE NO. 1:14CR58 |
| | ) | 1:18CV2349 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER AND JUDGMENT ENTRY |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 141. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner Shawn Caldwell raises four grounds for relief in his petition.[1] In his first, third, and fourth grounds for relief, Caldwell contends that received ineffective assistance of trial counsel.

---

[1] Caldwell moved to amend his petition on November 26, 2018. Doc. 145. However, the motion does not contain any additional grounds for relief. Instead, it contains additional argument in support of his existing claims. Accordingly, the motion to amend is GRANTED. The Court will address all Caldwell's arguments herein.

1

In his second ground for relief, Caldwell contends that his sentence was erroneous because "bank robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c). The Court now reviews those contentions.

Petitioner's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Petitioner must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Caldwell first contends that his counsel was ineffective when he failed to seek to withdraw his plea following the Sixth Circuit's remand for resentencing. With respect to this claim, Caldwell asserts that his guideline range as a career offender drove his decision to plead guilty. He contends

2

that once his status as a career offender was altered by a change in the law, his counsel should have advised him to withdraw his plea. Ostensibly, Caldwell contends that once his status as a career offender was removed, he had very little to risk by going to trial. As the Sixth Circuit has noted, Caldwell's "assertion that he would not have pled guilty had he known the sentencing laws would change soon thereafter is the quintessential example of a tactical decision rather than an attempt to avoid the consequences of 'a hastily entered plea made with unsure heart and confused mind.'" *United States v. Micciche*, 165 Fed. Appx. 379, 384 (6th Cir. 2006)(citation omitted). In other words, a subsequent change to the sentencing guidelines did not provide Caldwell a proper basis to seek to withdraw his plea. Accordingly, he cannot demonstrate any error in his counsel's failure to file a motion to withdraw on his behalf.

In his third ground for relief, Caldwell contends that his counsel failed to review the transcript in *United States v. Gooch*, Case No. 1:13CR282. Caldwell also contends that his counsel failed to provide him a copy of this transcript. Caldwell further alleges his counsel never provided him with a copy of the presentence report. Caldwell's contentions, however, are directly refuted by the record.

> At the outset of Caldwell's resentencing, the following occurred on the record:
>
> THE COURT: Before we go further, I would like to make certain everyone has had an opportunity to review all the materials that I have reviewed and are before the court today. We have, of course, an original presentence investigation report that was issued at the time of the original sentencing hearing in this matter.
>
> We also have, of course, I am sure you have reviewed the various appellate opinions addressing the issues in this case which brings us back here today. I also have reviewed a sentencing memoranda submitted on behalf of the defendant. I also have a supplement to that memorandum containing certain information from the Bureau of Prisons.
>
> I've received a sentencing memoranda by the government, as well as a supplemental memoranda by the government. And of note, the government has incorporated into its sentencing memoranda a request for a sentence outside of the guidelines. It's unclear to me whether the government is requesting an upward departure or a

3

variance, and perhaps that's a matter we can address, but in any event, the government does seek a sentence above the advisory guidelines.

And then lastly, the government, to assist the court, provided a transcript of the trial proceedings in Case Number 1:13cr282. The case is United States of America versus Eric Gooch. My assumptions, subject to hearing from the government, is that -- of course that information is provided to the court as it relates to possible upward variance or departure.

And it appears having read the transcript that the government is asking the court to depart or vary upward based upon uncharged conduct related to three other armed robberies that are reflected in the trial transcript of Mr. Gooch.

…

Mr. Christman, have you had an opportunity to review all the various items that I've just discussed?

MR. CHRISTMAN: Yes, I have, Your Honor, and I don't object to the government introducing the additional exhibits.

THE COURT: Additionally, I know we did -- just so it's clear for the record, we did continue this hearing so that both counsel, as well as the court, would have a full opportunity to review the voluminous transcript of the so-called Defendant Gooch proceedings, which has a direct bearing on this case, so additional time was provided.

Mr. Caldwell, have you had a chance to review with your attorney the various materials we've discussed here today?

THE DEFENDANT: Yes, Your Honor.

Doc. 120 at 3-6. In addition to the above, with respect to the presentence report, the Court also inquired about its review during Caldwell's initial sentencing hearing:

THE COURT: Mr. Caldwell, have you reviewed the presentence report that was prepared by the probation department to assist me in deciding your sentence in this matter?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had an opportunity to discuss it in full with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Counsel, have you discussed the report with your client?

4

>MR. CHRISTMAN: Numerous times, Judge, yes.

Doc. 80 at 3-4. Accordingly, the record refutes any claim by Caldwell that his counsel did not review or provide him the transcript of the Gooch trial and his presentence report. As such, Caldwell cannot claim error related to those allegations.

Finally, Caldwell asserts that his counsel failed to apprise him of the fact that he could lose one level for acceptance of responsibility if he failed to enter a guilty plea in compliance with the timeline set forth in the Court's trial order. First, the Court notes that the record appears to refute this claim as well. At Caldwell's final pretrial on April 8, 2014, the Court inquired about the status of the matter. The Government indicated: "It's my understanding from conversation with defense counsel that the defendant, Shawn Caldwell, wishes to proceed to trial. …Under Missouri versus Frye, the government would note that no plea offer has been made. The defendant has not indicated any desire to enter into an agreement with the government." Doc. 147 at 3. Further, as detailed above, Caldwell admitted to reviewing the presentence report numerous times with his counsel. Moreover, counsel's sentencing memorandum expressly argued about whether the third level of acceptance of responsibility was appropriate. The record, therefore, refutes Caldwell's contention that he was unaware of the issue. Furthermore, given Caldwell's expressed desire to proceed to trial, he cannot establish any prejudice from the alleged failure of his counsel.

Finally, Caldwell cannot establish prejudice for several other reasons. First, the decision on whether to seek that third level of acceptance rests entirely within the discretion of the Government. The Government made clear on the record that Caldwell's demeanor and desire to go to trial caused it to engage in extensive trial preparation and therefore the Government would not move for the third level of acceptance. This Court also would not have altered Caldwell's sentence even if that third level of acceptance had been granted. In other words, the advisory guideline range did not

dictate the sentence ultimately imposed on Caldwell. His unsupported arguments related to this third point for acceptance of responsibility do not warrant relief.

In his final argument, Caldwell asserts that bank robbery is not a crime of violence. Caldwell's argument is foreclosed by the holding in *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016). Caldwell's appears to concede that *McBride* is controlling but asks this Court to find that an intervening Supreme Court case, *United States v. Mathis*, 136 S.Ct. 2243 (2016) undercuts the decision in *McBride*. However, the Sixth Circuit has upheld the holding in *McBride* in a post-*Mathis* decision, *United States v. Cole*, 718 Fed. Appx. 365 (2017). Accordingly, there is no basis for this Court to depart from multiple, binding Sixth Circuit decisions. Caldwell's bank robbery conviction is a crime of violence

For the foregoing reasons, Petitioner Shawn Caldwell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: December 2, 2019              /**s/** ***John R. Adams***
                                                 **JOHN R. ADAMS**
                                                 **UNITED STATES DISTRICT JUDGE**